William P. Bryson, Trustee, *v.* Robert Wood. Appeal of
Rockport Granite Company, Lanesville Granite Com-
pany, Pigeon Hill Granite Company, J. J. Vernon,
Henderson Brothers, McLenahan Brothers, John T.
Bailey & Co., and Frank P. Williamson.

*Trusts and trustees—Removal of trustee—Confession of judgment to trus-
tee for creditors.*

A person to whom a judgment has been confessed in trust for creditors
should not be continued as a trustee after the confidence of the creditors
in him is withdrawn. It is not material that he is innocent of actual mis-
feasance; his conduct ought to meet the approval of those whose interests
are to be promoted, for his whole duty is to them.

A person to whom a judgment has been confessed for creditors will be
removed from his position as trustee, where it appears that he is also trus-
tee in a prior judgment; that he was defendant's bookkeeper; that at a
sale under the prior judgment the property was bought in by defendant's
daughters, and the trustee continued as bookkeeper in the business owned
by the daughters, and managed by the defendant; that the trustee refused
to adopt the suggestions of the creditors as to legal steps for the collection
of assets; that he refused to make a statement of facts necessarily within
his knowledge; that he did not attempt to give an explanation as to the
disappearance of many thousand dollars' worth of defendant's property
which he had twice stated in writing existed; and that he persisted, not-
withstanding the creditors' repeated complaints and attempts to remove
him, in ostensibly acting as trustee to their embarrassment and prejudice.

1898.]                        Syllabus—Arguments.

*Appeals—Final decree—Practice—Dismissal of exceptions.*

On exceptions to a master's report a decree of " exceptions dismissed " is a final decree from which an appeal may be taken.

Argued Jan. 5, 1898. Appeal, No. 136, Jan. T., 1897, by Rockport Granite Company et al., from decree of C. P. No. 3, Phila. Co., June T., 1893, No. 797, dismissing exceptions to master's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition for dismissal of trustee.

Exceptions to master's report. Before FINLETTER, P. J., and GORDON, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to master's report.

*Albert B. Weimer,* for appellant.—Where the lower court has not considered and passed upon the findings of fact and conclusions of law of an auditor or a master the Supreme Court will, under its general powers and under the Act of May 20, 1891, P. L. 101, review the whole case upon its merits, and enter such decree as it " may deem proper and just, without returning the record for amendment or modification to the court below:" Reading Iron Works, 150 Pa. 369; Fessenden's Est., 170 Pa. 631; Fitzsimmons v. Robb, 173 Pa. 645; Kutz's App., 100 Pa. 75; Milligan's App., 97 Pa. 525; Miller's App., 102 Pa. 544; Moore's App., 3 Pennypacker, 110; Worrall's App., 110 Pa. 349.

Under the evidence the master should have found as a conclusion of law that Bryson was not a proper person to act as trustee, and should have recommended a decree removing him from the trust: 2 Lewin on Trusts, 848; Scott v. Rand, 118 Mass. 215; Marsden's Est., 166 Pa. 213; Hilles's Est., 9 W. N. C. 421; Kellberg's App., 86 Pa. 129; Seyfert's Est., 3 W. N. C. 565; Gaul's Est., 12 Phila. 13; Wilson v. Wilson, 145 Mass. 490; Uvedale v. Ettrick, 2 Cases in Chan. 130.

*J. Campbell Lancaster* and *William Henry Lex,* for appellee. —This appeal should be dismissed, because as the record shows

no formal decree has been entered in this case, and it is improper practice in equity to treat the court's conclusions of law as the equivalent of a decree: Fitzpatrick v. Engard, 175 Pa. 393.

The findings of a master on questions of fact, approved by the court below, will not be set aside by the Supreme Court, except for clear error: Stocker v. Hutter, 134 Pa. 19; Sharpsburg Borough v. Saint, 6 Cent. Rep. 142; Warner v. Hare, 154 Pa. 548; Brotherton v. Reynolds, 164 Pa. 134; Citizens Pass. Ry. v. Harrisburg Pass. Ry., 164 Pa. 274.

The evidence is not sufficient to sustain the averments of the petition, or to show such conduct on the part of the trustee as would justify his dismissal.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

Robert Wood, for some years carried on a stone and marble business in Philadelphia; as early as February, 1892, he seems to have been embarrassed by debts of a large amount owing to a number of creditors who had furnished him granite and marble. To one of these appellants, the Rockport Granite Company, to whom he was indebted in the sum of $13,500, he made at that time a written statement showing assets over $45,000; he continued to carry on business, however, up to July 12, 1893, when he confessed a judgment to William P. Bryson, in the sum of $32,211.72, as trustee for certain creditors, among them these appellants, whose claims amount to about $30,000. Two days after the date of the judgment, fi. fa., and attachment executions were issued thereon, but only $943.50 was realized by the creditors in a judgment confessed two days before this one. Nothing further seems to have been done by the trustee in the execution of his trust, for about nine months; the creditors became dissatisfied and, on April 16, 1894, took a rule on the trustee to show cause why he should not be removed and another appointed in his stead; this rule, the court, on May 25, following, discharged; then counsel for creditors urged the trustee to file a bill against Wood to compel him to a discovery of his assets, which the trustee declined to do; the counsel themselves filed the bill; Wood demurred, on the ground that Bryson alone was the proper plaintiff to such proceeding; the court sustained the demurrer, and dismissed the

bill. On May 7, 1896, the creditors petitioned the court to remove Bryson as trustee, and appoint Frederick M. Leonard. In this petition they set out as grounds for removal, that Bryson was at the time the judgment was confessed, and since has been, the bookkeeper of Wood, the debtor; that he is not financially responsible has given no security, and has collected no money; that Wood has personal property subject to levy and sale, but that, in collusion with Wood, he refuses to have it levied on; that Wood retains possession of his business, as before his failure, which business is carried on in name of "Robert Wood Granite and Blue Stone Company; Robert Wood, Manager," aided by Bryson as bookkeeper, and that they believe the capital is the money of Robert Wood; that Bryson promised, more than a year before the presenting of the petition, to make a full statement of the financial affairs of Wood at the date the judgment was confessed, but has not done so; that he has refused to take action for the seizure of the assets of Wood, as suggested by creditors; and further, that Bryson is trustee in a judgment adverse to that of the creditors. To this Bryson filed answer, denying all collusion with Wood, and averring fidelity and vigilance in all particulars to his trust. Thereupon the court appointed A. H. Harris, Esq., examiner and master, to report and suggest decree. After hearing he was of opinion that the averments of the petition had not been sustained, and recommended its dismissal, which was in effect decreed accordingly, from which the creditors have appealed, assigning for error the decree of the court. We say, "in effect, decreed accordingly," because the decree is, "Exceptions dismissed," which had the same result as a formal denial of the prayer, and was therefore an adverse final decree as to these appellants.

The conclusion of the master is wholly based on the absence of any positive evidence that the trustee was guilty of mala fides; but that is not the whole question; whatever doubt there may be as to that, these facts are indisputable. The year before Wood failed, Bryson, as his bookkeeper, made a written statement, showing his principal's assets to be $45,000, which in a subsequent letter in Bryson's handwriting giving full details is confirmed as correct. Then Bryson accepts a judgment from Wood, as trustee for creditors, without consul-

tation with them: the apparent property is sold at sheriff's
sale, purchased by the daughters of Wood for a small amount,
which is credited on a prior judgment of which Bryson is also
trustee, and the business goes on under the same name, with
the father as manager and the trustee as bookkeeper.   He re-
fuses to adopt the suggestions of creditors as to legal steps for
the collection of assets ; refuses to make a statement of facts
necessarily within his knowledge ; does not attempt to give an
explanation as to the disappearance of $45,000 of property which
he had twice stated in writing existed, and persisted, notwith-
standing the creditors' repeated complaints and attempts to
remove him, in ostensibly acting as trustee, to their embarrass-
ment and prejudice.   This is not a testamentary trusteeship,
or one by deed, where the fiduciary relation is constituted by a
testator or a grantor, because of his confidence in his appointee,
which, when accepted, the trustee may feel it his duty to exe-
cute in accordance with his views of fidelity, and against the
objections of the cestui que trust.   It was a trust by the ap-
pointment of the debtor, and the trustee ought not to have
continued in it a moment after the confidence of the creditors
in him was withdrawn.   It is not material that he was innocent
of actual misfeasance ; his conduct ought to meet the approval
of those whose interests were to be promoted, for his whole
duty was to them.   His very obstinacy in holding on to his
office in defiance of their wishes not only shows an absence of
that sensitiveness to imputation generally possessed by the
self-respecting, but of itself warranted suspicion of loyalty to
the interests of those for whom he professed to act.   As said
by Lord Nottingham, in Uvedale v. Ettrick, 2 Cases in Chan-
cery, 130, "He liked not that a man should be ambitious of a
trust, when he could get nothing but trouble by it."   In this
state, by act of May 1, 1861, the courts have power to remove
an executor, administrator, guardian, committee of a lunatic or
habitual drunkard or any other trustee, when he is wasting or
mismanaging the property under his charge, "or for any reason
the interests of the estate or property are likely to be jeopard-
ized by the continuance of such executor, administrator, . . . .
or trustee."   Under this statute we held, in Kellberg's Ap-
peal, 86 Pa. 129, that those interested in the estate had a right
to be freed from a representative who declined to proceed in

the collection of a doubtful claim against a corporation in which he was interested.  In Marsden's Estate, 166 Pa. 213, it was held that the relation did not depend alone upon the misconduct of the trustee, but that it was enough to show that, by reason of his retention, the hostile relations between him and the cestui que trust would work disadvantage and inconvenience to the latter.

The personal relations between this trustee and the debtor at the date of the judgment, his relations with him and his family in the business afterwards, almost necessarily hampered him in the rigorous performance of his duty to the creditors. It is not necessary he should have had a pecuniary interest in the business of his employer or of his family; a strong sentiment of friendship may as effectively hold him back as interest. We think, on the admitted facts, the prayer for the removal of the trustee should have been granted; that he should have been removed, and another appointed.

Therefore, the decree dismissing the bill is reversed at costs of appellee, and it is directed that the record be remitted to the court below, that the proper order and decree may be made.