## Lafferty's Estate.

*Trusts and trustees—Appointment of trustee.*

Testator directed that whenever the number of executors and trustees should be reduced to two, they should petition the orphans' court to appoint another, and nominate to the court " such person as shall be a satisfactory colleague and be approved by the court for capability and good character." The number of the executors was reduced to two, one of them being a daughter of the testator physically afflicted. The two executors presented a petition to the orphans' court requesting the son of one of the petitioners, who was in the employment of his father, to be appointed a third trustee. The court refused the application. The six judges of the Supreme Court who heard the case on appeal were equally divided in opinion, and the judgment was affirmed.

Argued Jan. 21, 1901. Appeal, No. 302, Jan. T., 1900, by Charles H. Lafferty and Rose E. Lafferty, executors and trustees, from decree of O. C. Phila. Co., Oct. T., 1886, No. 587, refusing to appoint a trustee in the estate of Charles Lafferty, deceased. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Petition for appointment of trustee.

Hanna, P. J., filed the following opinion:

By the provisions of the will of testator whenever the number of the executors and trustees shall from any cause be reduced to two, they shall petition the orphans' court to appoint another and nominate to the court "such person as shall be a satisfactory colleague and be approved by the court for capability and good character." That which was contemplated by testator has occurred. The executors and trustees are now but two in number and have nominated to the court and requested the appointment of a trustee to fill the vacancy who is satisfactory to them, and in their opinion possesses the qualifications contemplated by testator. The proposed trustee is a son of one of the executors and trustees and his appointment is objected to by certain of the cestuis que trust. The grounds of objection are, his youth and want of business experience; and from his relationship to one of the trustees, he will not be in a position to

act independently, and exercise his own judgment, in the care and management of the estate, but will be wholly under the control and influence of his father. And by reason of this control and influence, and the unfortunate physical affliction of the remaining trustee, a daughter of testator, the care and management of this large estate, oversight of and responsibility for its investments and collection and disbursement of its income, from both real and personal estate, in distribution to the cestui que trust and expenses of the management of the trust, will practically be subjected to the discretion, individual influence, and will of but one trustee. And as the responsibility for the appointment of a trustee to fill the vacancy is placed upon the court by the express declaration of the testator, not only are the requirements contemplated by him to be kept in view, "capability and good character," but also his further intention, which may reasonably and fairly be inferred, that the court will not approve the nomination by the two executors and trustees unless it clearly and satisfactorily appears to be to the interest and advantage of the estate, and the beneficiaries under the trusts created. It is manifest that testator had in mind the commitment of his estate to the care and oversight of three trustees, not one, nor two, no doubt believing the judgment, practical experience and knowledge of the greater number, after consultation, and deliberation, more conducive to a wise and judicious management of its varied interests, than the unassisted opinion and individual judgment of a single trustee. This clear intention should not be overlooked; and will it not be thwarted by the appointment of a trustee, who, from the very nature of the surrounding circumstances, will be subject to the control and command of his colleague who is his father, and in fact his salaried employee? We attach no weight to the objection to the youth of the proposed trustee. He is twenty-six years of age, was a pupil in our public schools and has been for six years a valuable assistant to his father in his private business, so that he would doubtless be of equal value to the trustees in a similar capacity. But the real question must not be evaded. And this is, who did testator intend the court should appoint to fill the vacancy? We think his desire and wish in this direction is plain. And it is that a third trustee be appointed, one who will be a factor in the control and management of his estate, not a cipher, and who,

from his knowledge and business experience, is capable of performing the duties incumbent upon him, and from his integrity worthy of the trust reposed. The cestuis que trust are entitled to a trustee with these qualifications. And while no reflection is intended upon the capacity or character of the proposed trustee, we think it for the best interests and advantage of all parties that he be not appointed. It is contrary to good policy. And it may not be amiss to add that if the courts, in order to promote harmony and good feeling between a trustee and his cestuis que trust and the best management of the estate, will, to secure these ends, remove the trustee, as in Killberg's Appeal, 86 Pa. 129, Marsden's Estate, 166 Pa. 213; Nathans's Est., 191 Pa. 404, Hille's Est., 9 W. N. C. 421, Syfert's Est., 9 Phila. 320, and many other cases which might be cited, a fortiori, the court should not, in the exercise of its best judgment and discretion, appoint a trustee, who, for apparent valid reasons, is objectionable to a number of the cestuis que trust.

The petition is therefore refused, with costs to be paid by the estate.

*Error assigned* was the decree of the court.

*Samuel Gustine Thompson*, with him *George L. Crawford* and *Price & Martin*, for appellants.

*Frank A. Hartranft*, with him *E. Spencer Miller*, for appellee.

PER CURIAM, February 18, 1901:

February 13, 1901, the judges who heard this case being equally divided in opinion, the judgment is affirmed.