## Myers's Estate.

*Trusts and trustees—Removal of trustees—Domineering conduct —Co-trustees.*

Where two persons are trustees in a testamentary trust in favor of one of them, and the orphans' court on a petition by the cestui que trust, an elderly woman, for the removal of her cotrustee, finds as a fact the existence of an irreconcilable antagonism between them due to the domineering behavior of the cotrustee, and it also appears that the cotrustee had notified tenants to pay rents to him and not to the cestui que trust's agent, a nephew who lived with her and had long collected the rents, a decree removing the cotrustee will be sustained by the appellate court.

Argued Jan. 7, 1903. Appeal, No. 183, Jan. T., 1902, by Mark Myers, trustee, from decree of O. C. Phila. Co., Oct. T. 1900, No. 250, removing trustee in estate of Simon S. Myers, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for removal of trustee.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree removing trustee.

*Henry H. Rosenfelt*, for appellant, cited: Gibbes v. Smith, 2
Rich. Eq. 131; Bryson v. Wood, 187 Pa. 366; Theis's Est., 26
W. N. C. 302; Hurley's Est., 5 Pa. C. C. Rep. 574; Syfert's
Est., 9 Phila. 320; Chew's Est., 2 Parson's Select Eq. Cases,
153; Keen's Est., 6 Pa. C. C. Rep. 645.

*Preston K. Erdman*, for appellee.

PER CURIAM, April 27, 1903:

The court below found that owing to the hostile relations
between the appellant and his cotrustee, the retention of the
former would naturally work disadvantage, inconvenience and
great discomfort to the latter, and that the petition for appel-
lant's removal was not the offspring of whim or caprice, but of
irreconcilable antagonism which "resulted largely from the
dogmatic domineering and ungentle behavior of the respondent
(appellant) towards the petitioner."

The court further found specifically that the facts as shown
by the evidence brought the case clearly within the principles
of Marsden's Estate, 166 Pa. 213, and Neafie's Estate, 199 Pa.
307. We have not been convinced that this view was erroneous.
The appellee besides being cotrustee was tenant for life, and
entitled to have her interests considered from a friendly and
beneficial point of view in the management of the estate. The
whole will is not before us, but so far as appears the principal
use of a cotrustee is to protect the remainders. No doubt the
testator also thought that his brother's business judgment,
which is conceded to be good, would be serviceable to his
widow. But this advantage is more than offset by the want
of harmony in a relation in which harmony is essential to wise
and profitable action. In the case of partnership want of har-
mony and confidence may of themselves be sufficient to compel
a dissolution even in the face of positive agreement as to the
term of continuance. Though not to the same extent, the same
principles are applicable to the case of cotrustees and others

required to act together for common benefit. How far mere manners and behavior, even though "dogmatic, domineering and ungentle" as the court found here, may be sufficient cause to justify removal depends so largely on the circumstances as shown in the evidence that much room must be left for the discretion of the court. But one point in the present case is decisive. The petition charged that the appellant had notified tenants to pay the rents to him and not to petitioner's agent. Appellant in his answer averred that what he did was to notify the tenants to pay rent either to petitioner or himself. The testimony shows that the two statements come to the same thing. The petitioner was a woman of about sixty years of age and did not desire to collect the rents in person but by the hands of her nephew who lived with her and had assisted her husband in the collection during his lifetime. Appellant appears to have supposed that he could compel her to collect in person or leave the collection to him, and his notice to the tenants in whichever form it is regarded was clearly intended to have that meaning. He had no such right. The collection of rents involves no delegation of discretion but is a mere ministerial act which a trustee may do by agent or attorney as any other person. Appellant's notice to the tenants in its intention and effect was a plain effort to oust his cotenant from the exercise of her unquestionable right of participation in the management of the estate and gives a weight and significance to his domineering behavior which it would not have as a question of manners alone. The order of removal was fully sustained by the evidence.

The decree however makes no provision for the protection of the remainder-men. The interest of a life tenant is to rack the property for present income at the expense of the inheritance. This should be properly guarded against. It is intimated in the arguments that the question of the appointment of another trustee is still open. We therefore leave this branch of the subject without further discussion.

Decree affirmed with costs.