## Gilbert *v.* Johnson, Appellant.

*Trusts and trustees—Removal of trustees—Judgment bond—Attorney at law.*

1. Where an attorney at law borrows money from a client, and executes to another attorney at law a judgment bond to secure the loan, without naming the cestui que trust, and thereafter on a rule taken to remove the trustee, the cestui que trust testifies that no part of the debt had been repaid to her, and also offers proof tending to show that a satisfaction of the judgment entered by the trustee after the rule had been taken on him was fraudulent, the trustee should be removed so as to permit the cestui que trust to take proper action to guard her own interest.

2. A person to whom a judgment has been confessed in trust for creditors should not be continued as a trustee after the confidence of the creditors in him is withdrawn. It is not material that he is innocent of actual misfeasance, his conduct ought to meet the approval of those whose interests are to be promoted, for his whole duty is to them.

Argued Nov. 16, 1911. Appeal, No. 34, Oct. T., 1911,

192    GILBERT *v.* JOHNSON, Appellant.

Statement of Facts—Opinion of the Court.    [49 Pa. Superior Ct.

by Henrietta Garrecht, from order of C. P. Lancaster Co., Aug. T., 1897, No. 363, discharging rule to remove trustee in case of Edwin M. Gilbert, Trustee, v. J. W. Johnson. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Rule to remove trustee. Before Landis, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to remove trustee.

*B. F. Davis*, for appellant.—The trustee should have been removed: Bryson v. Wood, 187 Pa. 366; Darlington's Est., 147 Pa. 624.

*John E. Malone*, for appellee.

Opinion by Morrison, J., March 1, 1912:
From the petitions, answers and writings attached thereto, and the conceded facts, we gather the following: On or prior to November 1, 1897, J. W. Johnson, the defendant, was attorney for Henrietta Gerracht, the petitioner, and he borrowed from her the sum of $1,400, and gave as security therefor a judgment bond, dated November 1, 1897, drawn in favor of E. M. Gilbert, Esq., as trustee, without naming the interested party for whom he was trustee. The amount of the bond was $2,800, but the real debt was $1,400. By virtue of the warrant contained in said bond judgment was entered thereon by the prothonotary of the court of common pleas of Lancaster county on November 1, 1897, for the penal sum of $2,800, conditioned to pay the sum of $1,400 forthwith. On February 24, 1898, the defendant gave the appellant a writing under seal, dated February 24, 1898, in which he admitted that the appellant loaned him the money and that she had borrowed it from the People's Trust Company of Lancaster, and also that he gave the judgment bond to

E. M. Gilbert as trustee.  The defendant also gave a similar writing to Mr. Gilbert.  The petitioner alleges that she never received any payment on account of the principal due on the judgment and that the entire amount thereof is due and owing to her, with interest from April 1, 1910. Interest seems to have been paid on this judgment until April 1, 1910, although Gilbert claims that it was satisfied by the sheriff's sale of the year 1900.  The trustee, in one of his answers, admitted that he never received any money or valuable thing on said judgment.  It is alleged that Mr. Johnson, defendant, who was called as a witness on behalf of the petitioner, refused, under instruction of counsel, to answer whether he had ever paid Mr. Gilbert anything on the judgment.  When requested by counsel for the petitioner to collect the judgment and to keep it revived the trustee refused to take any steps in that direction. The petitioner was insisting that she had never received any payment, either in money or in property, to apply on the principal of said judgment.  In answer to the petition for the removal of E. M. Gilbert, as trustee, he filed an answer and we here quote it in full.  It will at least attract attention on account of its brevity and the ease with which the trustee attempts to dispose of the petitioner's judgment.  It follows: "E. M. Gilbert, for answer to the petition of Henrietta Gerracht, presented to said court, and in pursuance to which a rule to show cause, &c. was granted, August 20, 1910, says, that the above judgment was paid by virtue of the sale of defendant's personal property, on Pluries, Fi. Fa., to August term, 1900, No. 96, and satisfaction entered on said judgment this 30th day of August, 1910.  Wherefore respondent prays that said petition and rule to show cause may be dismissed by the court.  And respondent will ever pray, etc.  E. M. Gilbert."

Now it is remarkable that this trustee, who is said to be a reputable member of the bar of Lancaster county, should have gone to the prothonotary's office, ten days after the rule had been granted for his removal as trustee,

and entered satisfaction of this judgment on the theory that it had been satisfied by operation of law by sale on a fi. fa. to August term, 1900, while it seems to be conceded that interest was paid on the judgment until April 1, 1910. We here note that upon petition No. 2, printed in the appellant's paper-book, the learned court below, on rule and notice to Mr. Gilbert, struck off said satisfaction. In this connection we call attention to the following paper which is conceded to have been executed and delivered under the hand and seal of J. W. Johnson, defendant, to wit: "I, J. W. Johnson, of Lancaster City, hereby admit that the one thousand four hundred dollars borrowed by Henrietta Gerracht from the Peoples Saving and Trust Company was by her loaned to me and for which I gave E. M. Gilbert a judgment as Trustee. Should I die before said one thousand four hundred dollars are paid, the property sold on account of said Judgment against me by the sheriff is to be converted into cash and all of said one thousand four hundred dollars paid, and after it is paid the balance to be handed to my sister, Margaret E. Johnson. Witness my hand and seal February 24, 1898. J. W. Johnson (seal)." This paper makes it clear that the petitioner had received nothing on her judgment prior to February 24, 1898, and that Gilbert was trustee for her. Now from the answer of Gilbert to the second petition we get the following facts: that Gilbert denies having received any money or valuable thing on said judgment; that his reason for satisfying said judgment was that on reference to the execution of August term, 1900, No. 96, he was convinced that the amount realized from said sale was more than the amount of said judgment, and that he had turned the personal property which he bid in over to J. W. Johnson, defendant, as he was directed to do; that Gilbert, trustee, did not pay the petitioner anything upon said judgment, and that satisfaction was entered upon said judgment August 30, 1910, without notice to the petitioner, and that the full amount of said judgment was realized at said sale and that the same by order of petitioner was

turned over to J. W. Johnson. It thus appears that the reason the trustee undertook to satisfy the judgment was that he had bid off sufficient property at sheriff's sale to satisfy the judgment but that he turned this property over to the defendant and so far as he knows the petitioner never received any of it. It is true that he claims to have done this in pursuance of written directions from the petitioner. But she denies this, and, in short, she and her counsel aver that the sales on fi. fa. and the whole proceedings which are now claimed to have satisfied and discharged this judgment were fraudulent and were carried on between the trustee and the defendant and that the result has been, up to the present time, to hinder, delay and defraud the petitioner to the amount of her judgment and interest.

In our opinion, the learned judge below erred in attempting, on a simple petition for the removal of a trustee, etc., to decide all questions of fact and law in regard to the right of the petitioner to proceed with the collection of her judgment. We think the petitions and answers and the writings attached thereto and the facts conceded at the argument made a plain case calling for the removal of the trustee, etc. We do not think any findings of fact or conclusions of law found in the long opinion filed by the learned judge, should have any weight, whatever, if the petitioner hereafter attempts to collect her judgment. We intend to give her a fair start, with a clean record, and not embarrass her with a trustee whose actions may suggest the inference that he is too anxious to aid the defendant.

A trustee in a case like this one should look zealously after the interests of his cestui que trust and allow the defendant to hire a lawyer, if he needs one, and take care of his own interests.

It appears to us quite probable that there are numerous questions involved in this investigation which could only be decided by a jury. Let us suppose for a moment that the defendant and the trustee have been colluding to de-

fraud the petitioner out of her $1,400 judgment. Then ought the petitioner to be concluded upon all disputed questions of law as well as of fact on an opinion and order based on a simple petition for the removal of a trustee?

We would have expected a member of the bar, acting as trustee in a case like the present one, to have at once asked to be relieved from his trust as soon as he discovered that the petitioner and her counsel were dissatisfied with his management and were averring that he was acting in the interest of the defendant and against the rights and interest of the petitioner. In Bryson v. Wood, 187 Pa. 366, it is said in the syllabus: "A person to whom a judgment has been confessed in trust for creditors should not be continued as a trustee after the confidence of the creditors in him is withdrawn. It is not material that he is innocent of actual misfeasance; his conduct ought to meet the approval of those whose interests are to be promoted, for his whole duty is to them." In that case Mr. Justice DEAN, speaking for the Supreme Court, said: "His very obstinacy in holding onto his office in defiance of their wishes not only shows an absence of that sensitiveness to imputation generally possessed by the self-respecting, but of itself warranted suspicion of loyalty to the interests of those for whom he professed to act. As said by Lord NOTTINGHAM in Uvedale v. Ettrick, 2 Cases in Chancery, 130, 'He liked not that a man should be ambitious of a trust, when he could get nothing but trouble by it.'" The court then referred to the Act of May 1, 1861, P. L. 680, conferring power to remove an "executor, administrator, . . . . or any other trustee, when he is wasting or mismanaging the property under his charge, 'or for any reason the interests of the estate or property are likely to be jeopardized by the continuance of such executor, administrator, . . . . or trustee,' and said: "Under this statute we held, in Kellberg's App., 86 Pa. 129, that those interested in the estate had a right to be freed from a representative who declined to proceed in the collection of a doubtful claim against a corporation in which he was interested.'

" In Marsden's Estate, 166 Pa. 213, it was held that the relation did not depend alone upon the misconduct of the trustee, but that it was enough to show that by reason of his retention the hostile relations between him and the cestui que trust would work disadvantage and inconvenience to the latter." This case is cited and approved in Myers's Est., 205 Pa. 413, and Kellberg's App., 86 Pa. 129, and is cited with approval in Lafferty's Estate, 198 Pa. 433.

It does not appear in these proceedings, thus far, just why the petitioner's money was borrowed by Johnson and a judgment bond given to E. M. Gilbert, trustee, without disclosing the cestui que trust. It is, however, averred, and not denied, that Johnson was counsel for the petitioner and that Gilbert was a law student of Johnson, and it is a fair inference that Johnson and Gilbert were friends, and it is likely that friendship still continues.

The assignments of error are sustained, and the decree of the court discharging the rule for the removal of the trustee, etc., is reversed, and said rule is reinstated, and the court below is instructed to make it absolute and remove Edwin M. Gilbert, trustee, and appoint some suitable person trustee in his place who is not objectionable to petitioner and her counsel, or, if they shall so elect, amend the record so that petitioner, Henrietta Gerracht, shall be legal plaintiff in said judgment. And it is further ordered that Edwin M. Gilbert, appellee, pay the costs of this appeal.