## Mathues' Estate

*Ardemus Stewart* and *John Lamon,* for exceptant.
*Frank Bechtel, Jr.,* contra.

VAN DUSEN, J., February 14, 1936.—The most serious complaint against the trustee is that he has withheld substantial amounts of income from the testamentary guardian. The principal reason which he gives for so doing is that one of the two minors, a boy, has run away from home and has been absent for some years, that his whereabouts are not known except as he writes occasionally, and that no money is needed for his maintenance. The guardian says that he is entitled to all the income anyhow, and that he is responsible to his wards for the way in which he spends it, not to the trustee.

We will not undertake now to decide who is right in this controversy or in the other disputes as to credits in the income account. The trustee is withholding income not for his own advantage but for reasons which appear to be in good faith, and we would not remove him for so doing. If he is wrong, the remedy is by an audit of an account, and a request for an award of the income after the same has been ascertained and credits properly allocated.

Another ground of complaint is that such friction has arisen between the trustee and the testamentary guardian as to require the removal of the trustee: See Marsden's Estate, 166 Pa. 213; Nathans' Estate, 191 Pa. 404; Myers' Estate, 205 Pa. 413. These cases do not hold that the trustee must be removed because of an irreconcilable quarrel with the beneficiary without regard to the merits of the quarrel: See Neafie's Estate, 199 Pa. 307, in which whatever was said to the contrary in Nathans' Estate was expressly overruled. The trustee should not be removed for this reason unless he has contributed materially to the difficulty; and we agree with the master that the fault in this respect lies primarily with the testamentary guardian.

We will make a special reference to another cause of difference between the parties. In our opinion it is the duty of the trustee to look after the upkeep of 1517 West Courtland Street. This house belonged to the decedent, and the guardian and his wife have the right of occupancy for life. It is the duty of the trustee in the first instance to determine what work is necessary and what should be paid for it and who shall be engaged to do it, as well as to pay for it when done. The testamentary guardian must permit the trustee to do his duty in this respect and is not entitled in the first instance to order the work and then send the bill to the trustee.

The exceptions are dismissed and a decree is now entered dismissing the petition in accordance with the recommendation of the master.